**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.   Case No. 6:13-cr-99-Orl-37KRS

JAMES FIDEL SOTOLONGO

**ORDER**

This cause is before the Court *sua sponte* on review of Defendant James Fidel Sotolongo's plea agreement with the Government. Upon consideration, the Court finds that the agreement is due to be rejected.

**BACKGROUND**

On March 29, 2013, the Government filed a criminal complaint, alleging that Defendant Sotolongo and three other members of the "Sotolongo Mortgage Fraud Ring" ("SMFR") conspired to defraud several FDIC-insured lending institutions, in violation of 18 U.S.C. §§ 371 and 1344. (Doc. 1, pp. 1–3.) The crux of the claimed conspiracy is that Sotolongo and other co-conspirators—including a realtor, a mortgage broker, and a title agent—manipulated the residential mortgage lending process in order to falsely obtain mortgage loan proceeds, which they would then distribute amongst themselves or use to purchase investment properties. (*Id.* ¶¶ 21–32.)

On April 24, 2013, the grand jury returned a fourteen-count indictment against Sotolongo and three other Defendants. (Doc. 34.) Based on his alleged involvement in the purchase of seven residential properties using over $11,000,000 in fraudulently procured mortgage loans, the grand jury charged Sotolongo with the following: one count of conspiring to defraud the United States, in violation of 18 U.S.C. § 371 (Count I); eleven

counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts II–XII); and one count of making a false statement for the purpose of influencing an FDIC-insured lending institution, in violation of 18 U.S.C. § 1014 (Count XIV). (*Id.*) The conspiracy charge carries a maximum term of imprisonment of five years; the bank fraud charges and the false statement charge each carry a maximum term of imprisonment of thirty years. 18 U.S.C. §§ 371, 1344, 1014.

At the January 29, 2014 status conference, counsel for Sotolongo informed the Court that his client and the Government were finalizing plea agreement negotiations and that Sotolongo would soon be prepared to enter a plea of guilty to one or more of the charged offenses. (Doc. 113.) The Court set a change-of-plea hearing for February 4, 2014. (*Id.*)

The Court had previously accepted guilty pleas from two of Sotolongo's alleged co-conspirators. The first was Sidney Coton, a formerly unindicted member of the SMFR. On October 21, 2013, the Government charged Coton with one count of conspiracy to defraud the United States under 18 U.S.C. § 371. *See United States v. Coton*, No. 6:13-cr-261-37GJK (M.D. Fla. Oct. 21, 2013), Doc. 1. Pursuant to an agreement with the Government, Coton pled guilty on November 20, 2013. *Id.*, Doc. 25. The second plea came from indicted co-Defendant Christopher Mencis, who was charged with one count of conspiracy under § 371 and one count of falsifying a loan application under § 1014. (Doc. 34, ¶¶ 1–55, 60–61.) Pursuant to his plea agreement, Mencis pled guilty to the § 1014 charge in exchange for the Government's agreement to dismiss the conspiracy charge. (Doc. 135.)

In terms of potential imprisonment, Coton's plea leaves him exposed to the full

five-year maximum term of imprisonment carried by the § 371 charge—the only charge brought against him. *United States v. Coton*, No. 6:13-cr-261-37GJK (M.D. Fla. Oct. 21, 2013), Doc. 1. Mencis' plea disposes of the five-year maximum carried by his § 371 charge, but leaves him exposed to the thirty-year maximum carried by the § 1014 charge. (Doc. 135.)

By contrast, Sotolongo's plea agreement calls for him to plead guilty to the conspiracy charge brought against him. In exchange, the Government agrees it that would dismiss all eleven bank fraud charges and the charge for making false statements to an FDIC-insured lender. This agreement would leave Sotolongo—the alleged ringleader of the SMFR—exposed to a maximum term of imprisonment of five years. 18 U.S.C. § 371.

At Sotolongo's change-of-plea hearing, the Court asked the Government to explain the reasoning behind the plea agreement's comparative leniency. (*See* Doc. 142.) The Government represented that it was less concerned with the severity of the penalties Sotolongo faced than it was with ensuring that he admit to involvement in all of the fraudulent transactions charged in the indictment, which a plea to the conspiracy charge would accomplish. (*See id.*) When the Court inquired whether Sotolongo would serve as a material witness in the upcoming trial of two of his alleged co-conspirators, the Government replied that he would not. (*See id.*)

The Court deferred its decision to accept or reject the plea and took the matter under advisement. (*See id.*)

**STANDARDS**

Where a plea agreement calls for a defendant to plead guilty to a charged offense

in exchange for the government's agreement that it will "not bring, or will move to dismiss other charges," courts have discretion to "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(1)(A), (c)(3)(A); *see also Santobello v. New York*, 404 U.S. 257, 262 (1971) (observing that there is "no absolute right to have a guilty plea accepted" and that a court "may reject a plea in exercise of sound judicial discretion"). Such plea agreements implicate "the court's authority to adjudicate guilt and impose a sentence" and require the court to "determine whether or not dismissal of charges will undermine the sentencing guidelines."[1] U.S.S.G. § 6B1.2 (commentary). If the court determines that the remaining charges inadequately reflect the seriousness of the offenses committed, a court is well within its discretion to reject a guilty plea. *See United States v. Gamboa*, 166 F.3d 1327, 1330–31 (11th Cir. 1999) (citing U.S.S.G. § 6B1.2(a)).

## DISCUSSION

Upon review, the Court concludes that it cannot accept the plea agreement between the Government and Sotolongo. Given the nature and scope of the conspiracy alleged, if the Court were to permit dismissal of the more serious bank fraud and false statement charges, the remaining conspiracy charge would not adequately reflect the seriousness of the Sotolongo's actual offense behavior. *See* U.S.S.G. § 6B1.2(a); *see also United States v. Bean*, 564 F.2d 700, 704 (5th Cir. 1977) ("A decision that a plea bargain will result in the defendant's receiving too light a sentence under the

---

[1] By contrast, where the government's decision to dismiss charges against a defendant is not contingent upon acceptance of a plea agreement, the dismissal implicates prosecutorial discretion and courts "should defer to the government's position except under extraordinary circumstances." U.S.S.G. § 6B1.2 (commentary) (citing Fed. R. Crim. P. 48(a)). This is not the case here.

4

circumstances of the case is a sound reason for a judge's refusing to accept the agreement.").[2] Moreover, two of Sotolongo's alleged co-conspirators have already entered guilty pleas to serious charges on terms substantially less favorable than those offered to Sotolongo,[3] and two more of his co-Defendants await trial on charges significantly more serious than the conspiracy charge to which Sotolongo now attempts to plead. (*See* Docs. 34, 140.) Under these circumstances, accepting the lenient plea agreement between Sotolongo and the Government would unduly restrict the Court's sentencing discretion moving forward and would inhibit its ability to avoid unwarranted sentencing disparities.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Court **REJECTS** the plea agreement between the United States of America and Defendant James Fidel Sotolongo.

2. On February 19, 2014, at 8:45 a.m., Defendant James Fidel Sotolongo is **DIRECTED** to appear for a hearing before the undersigned at the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] Counsel for Sotolongo argued at the change-of-plea hearing that Sotolongo's plea agreement is consistent with pleas the Court has previously accepted (presumably referring to Sidney Coton's plea to a conspiracy charge) and is therefore appropriate. Unlike Sotolongo, however, Coton was only ever charged with a single violation of § 371. His plea agreement, therefore, was not offered pursuant to Rule 11(c)(1)(A) and therefore did not present the same sentencing concerns. Further, the Information under which Coton was charged and his plea agreement both indicate that Coton played a lesser role in the alleged conspiracy than that which Sotolongo is alleged to have played. *See United States v. Coton*, No. 6:13-cr-261-37GJK (M.D. Fla. Oct. 21, 2013), Docs. 1, 10. Accordingly, Coton's plea agreement was both factually and legally distinguishable from Sotolongo's and does not weigh in favor of accepting Sotolongo's guilty plea.

U.S. Courthouse for the Middle District of Florida, Orlando Division, 401 West Central Boulevard, Courtroom 4A, Orlando, Florida 32801. At that hearing, the Court will inform the parties pursuant to Fed. R. Crim. P. 11(c)(5) that the Court rejects the plea agreement, advise Defendant personally of the impact of its rejection, and give Defendant an opportunity to withdraw his plea. The parties shall be prepared to discuss Defendant's options moving forward and to go to trial on March 17, 2014.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 5, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record